UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: JOHN DOMBEK JR., : <br> : <br> Debtor : <br> ------------------------------- : <br> HILDA L. SOLIS, Secretary of Labor, : <br> United States Department of Labor, : <br> : <br> Plaintiff, : <br> v. : <br> : <br> JOHN DOMBEK JR., : <br> : <br> Defendant. : | Case No. 11-40896 <br><br> Chapter 7 <br><br> Hon. Jacqueline Cox <br><br> Adv. No. 12-00564 |

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND JUDGMENT

### I.  FINDINGS OF FACT

1. This is an adversary case brought by the Secretary of Labor ("Plaintiff" or "Secretary") pursuant to 11 U.S.C. § 523(a)(4) to recover money that Debtor John Dombek Jr. ("Defendant") failed to ensure was remitted to the Wisconsin Tool and Stamping Company 401(k) Profit Sharing Plan and Trust (the "WTSC 401(k) Plan" or "Plan").

2. On October 7, 2011, Defendant filed for Chapter 7 bankruptcy. On April 5, 2012, the Secretary filed a Complaint for Determination of Dischargeability of Debt ("Complaint") in the above-captioned matter.

3. The Secretary served Defendant with an Alias Summons and Complaint via Certified Mail on May 30, 2012, and via First-Class Mail on July 3, 2012.

4. Defendant's Answer to the Complaint was due on June 28, 2012. More than thirty days has elapsed since the date of the issuance of the Alias Summons and the Defendant

has failed to file an answer or otherwise plead in this matter pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure ("BR") and Rule 12(b) of the Federal Rules of Civil Procedure ("FRCP").

5. The Court granted Plaintiff's Motion for Entry of Default on August 24, 2012. (Doc. 16). Plaintiff submitted this matter for entry of a default judgment against Defendant pursuant to BR 7055, Local Rule 7055-2, and FRCP 55(b)(2).

6. The WTSC 401(k) Plan was established in 2002 by Wisconsin Tool and Stamping Company ("WTSC"), the WTSC 401(k) Plan Sponsor, to provide benefits to its employees upon retirement, death, or disability. Complaint ¶ 9.

7. At all relevant times, the WTSC 401(k) Plan's governing documents, which were adopted by WTSC, provided in pertinent part that participants could make pre-tax contributions from their compensation to the WTSC 401(k) Plan in an amount up to the contribution limitations set by the Internal Revenue Code on a yearly basis. *Id.* ¶ 11.

8. At all relevant times, WTSC was the sponsor and administrator of the WTSC 401(k) Plan. *Id.* ¶ 7.

9. At all relevant times, Defendant was the vice-president and part owner of WTSC, and a trustee of the WTSC 401(k) Plan. *Id.* ¶ 5.

10. The WTSC 401(k) Plan's governing documents provide that "John Dombeck" [sic] is the WTSC 401(k) Plan's directed trustee. *Id.* ¶ 11.

11. Defendant is the directed trustee identified in the WTSC 401(k) Plan's governing documents as "John Dombeck" [sic]. *Id.* ¶ 18.

12. On or before March 23, 2005, Defendant became the directed trustee of the WTSC 401(k) Plan. *Id.* ¶ 10.

13. As the directed trustee of the WTSC 401(k) Plan, Defendant was "responsible for investing the Fund and performing the responsibilities of the Trustee set forth in the Plan in accordance with specific instructions provided by the Adopting Employer or the Plan Administrator (or Participant or Beneficiary) in accordance with instructions . . . from one of the foregoing." Basic Plan Document, attached to the Plaintiff's Motion for Default Judgment as Exhibit C. Defendant was also required "[t]o receive Plan contributions and to hold, invest, and reinvest the portion of the fund for which it serves as Trustee, as authorized by the Employer or its designee . . . ." *Id.* at 67.

14. At all relevant times, John Dombek III ("Dombek III") was the president and part owner of WTSC, and was a fiduciary of the WTSC 401(k) Plan who exercised discretionary control and authority over the assets of the Plan. Complaint ¶ 6.

15. During the period from January 1, 2008, through September 17, 2010, WTSC withheld $20,176.57 from its employees' pay in employee contributions and failed to remit the amounts so withheld to the WTSC 401(k) Plan. WTSC retained in its own general assets the withheld employee contributions. *Id.* ¶ 12; Declaration of Senior Investigator Ashley Romanacce in Support of Plaintiff's Motion for Default Judgment Against Defendant John Dombek Jr. ("Declaration"), attached to the Plaintiff's Motion for Default Judgment as Exhibit A, ¶ 3(a).

16. During the period from January 1, 2008, through September 17, 2010, Dombek III caused WTSC to retain the employee contributions it withheld from its employees' pay in its own general assets and failed to ensure that the amounts it withheld from employees' pay were remitted to the WTSC 401(k) Plan. Complaint ¶ 13.

17. During the period January 1, 2008, through September 17, 2010, WTSC withheld $5,460.78 from its employees' pay in employee contributions to the WTSC 401(k) Plan and failed to remit the amounts so withheld to the WTSC 401(k) Plan in a timely manner. WTSC retained in its own general assets the employee contributions withheld from employees' pay until they were remitted to the WTSC 401(k) Plan. Complaint ¶ 15; Declaration ¶ 3(b).

18. During the period January 1, 2008, through September 17, 2010, Dombek III caused WTSC to retain employee contributions to the WTSC 401(k) Plan withheld from employees' pay and failed to ensure that the amounts it withheld from employees' pay were timely remitted to the Plan. Complaint ¶ 16.

19. Defendant failed to monitor the remittance of employee contributions to the WTSC 401(k) Plan during the period January 1, 2008, through September 7, 2010, which allowed Dombek III to cause WTSC to retain the employee contributions in its own general assets. *Id.* ¶ 20.

20. Defendant failed to ensure that the amounts WTSC withheld from employees' pay were remitted to the WTSC 401(k) Plan as described in paragraphs 15 through 16 in Section I above. *Id.* ¶ 21.

21. Defendant failed to monitor the timely remittance of employee contributions to the Plan during the period January 1, 2008, through September 7, 2010, which allowed Dombek III to cause WTSC to retain the employee contributions in its own general assets. *Id.* ¶ 22.

22. Defendant failed to ensure that the amounts WTSC withheld from employees' pay were timely remitted to the Plan as described in paragraphs 17 through 18 in Section I above. *Id.* ¶ 23.

23. Through October 6, 2011, $1,253.50 accrued in lost opportunity costs for unremitted and untimely remitted employee contributions to the Plan. Declaration ¶ 3(c).

## II. CONCLUSIONS OF LAW

### A. Jurisdiction, Venue, and Default

1. This Court has jurisdiction to hear and determine this Complaint pursuant to 28 U.S.C. § 157(b)(2)(I) and 28 U.S.C. § 1334.

2. Venue of this adversary proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1408.

3. As a result of Defendant's failure to answer or otherwise plead, the allegations in the Secretary's Complaint are deemed admitted pursuant to BR 7008 and FRCP 8(b)(6). *See Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).

### B. Defendant violated the Employee Retirement Income Security Act of 1974 ("ERISA") when he failed to ensure that employee contributions to the Plan were remitted and timely remitted

4. The WTSC 401(k) Plan is an employee benefit plan within the meaning of ERISA § 3(3), that is subject to the provisions of Title I of ERISA pursuant to ERISA § 4(a). 29 U.S.C. §§ 1002(3); 1003(a)

5. ERISA was designed "to protect the interests of participants in employee benefit plans and their beneficiaries" and to "establish standards of conduct, responsibility, and obligations for fiduciaries of employee benefit plans . . . by providing for appropriate remedies, sanctions, and ready access to Federal courts. 29 U.S.C. § 1001(b). To carry out these purposes, ERISA regulates virtually all aspects of qualified employee benefit plans, including reporting and disclosure (29 U.S.C. §§ 1021-1031); participation and vesting (*id.* §§ 1051-1061); funding (*id.* 1081-1086); fiduciary responsibility (*id.* §§ 1101-1114); and administration and enforcement

(*id.* §§ 1131-1145). Specifically, with respect to fiduciaries, ERISA not only details the duties upon them, but it also imposes personal liability for losses caused by breaches of those duties. *Id.* § 1109(a).[1]

6. 29 C.F.R. § 2510.3-102 defines the term "plan assets" with respect to participant contributions as:

> (a)(1) [A]mounts (other than union dues) that a participant or beneficiary pays to an employer, or amounts that a participant has withheld from his wages by an employer, for contribution or repayment of a participant loan to the plan, as of the earliest date on which such contributions can reasonably be segregated from the employer's general assets.
>
> (b) [I]n no event shall the date determined pursuant to paragraph (a)(1) of this section occur later than . . . the 15th business day of the month following the month in which [the participant contribution or participant loan repayment] amounts would otherwise have been payable to the participant in cash (in the case of amounts withheld by an employer from a participant's wages).

7. Pursuant to this regulation, therefore, the monies withheld from employee wages for contribution to the WTSC 401(k) Plan were plan assets as of the 15th business day following the month after the monies were deducted. 29 C.F.R. § 2510.3-102(b); *U.S. v. Whiting*, 471 F.3d 792, 799 (7th Cir. 2006); *Solis v. Hartmann*, 2012 WL 3779050, *6 (N.D. Ill. Aug. 31, 2012) (*citing* 29 C.F.R. § 2510.3-102; *Whiting*, 471 F.3d at 799)).

---

[1] 29 U.S.C. § 1109(a) states:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

6

8. ERISA § 3(21)(A) provides in relevant part that "a person is a fiduciary with respect to a plan to the extent:

> (i) he exercises any discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, ... or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan."

29 U.S.C. § 1002(21)(A). ERISA § 3(21)(A), therefore, imposes fiduciary responsibilities both on those who have been empowered to act and on those who in fact exercise authority. *Farm King Supply v. Edward D. Jones & Co.*, 884 F.2d 288, 292 (7th Cir. 1989); *Leigh v. Engle*, 727 F.2d 113, 134 n. 33 (7th Cir. 1984) (Congress intended that it not be limited just to persons and entities formally designated as fiduciaries); *Olson v. E.F. Hutton & Co.*, 957 F.2d 622, 625 (8th Cir. 1992); *Mertens v. Hewitt Assocs.*, 113 S.Ct. 2063, 2071 (1993).

9. The courts, based on legislative history, have recognized that there are certain positions with respect to a plan which automatically confer fiduciary status, in that the very nature of the positions provide the person with discretionary authority or discretionary responsibility in the administration of the plan within the meaning of ERISA § 3(21)(A)(iii). These positions include those fiduciaries specifically named in the plan's governing documents, such as trustees. 29 C.F.R. § 2509.75-8 D-3; *Donovan v. Mercer*, 747 F.2d 304, 309 (5th Cir. 1984); *Freund v. Marshall & Ilsley Bank*, 485 F. Supp. 629, 635 (W.D. Wis. 1979). Because Defendant is a named directed trustee of the WTSC 401(k) Plan, he is a fiduciary by virtue of his position with the Plan. 29 U.S.C. § 1002(21)(A)(iii).

10. ERISA permits "directed trustees" under § 403(a)(1) if "the plan expressly provides that the trustee or trustees are subject to the direction of a named fiduciary who is not a trustee," in which case the directed trustee is "subject to proper directions of such fiduciary

which are made in accordance with the terms of the plan and which are not contrary to [ERISA]." 29 U.S.C. 1103(a)(1). "Directed trustees remain subject to the fiduciary duties articulated in ERISA § 404(a)(1) because this provision applies to 'a fiduciary' without restriction." *Chesemore v. Alliance Holdings, Inc.*, ---F.Supp.2d ----, 2012 WL 3041950, *31 (W.D. Wisc. July 24, 2012). *See also Summers v. State Street Bank & Trust Co.*, 453 F.3d 404, 406 (7th Cir. 2006) (directed trustee has duty of prudence). Defendant's status as a directed trustee does not relieve him of "the obligations 'to conform to the prudent man standard of care, to attempt to remedy known breaches of duty by other fiduciaries, and to avoid prohibited transactions.'" *In re WorldCom, Inc.*, 263 F.Supp. 2d 745, 762 (S.D.N.Y. 2003) (*citing FirstTier Bank, N.A. v. Zeller*, 16 F.3d 907, 911 (8th Cir. 1994)).

11.   Dombek III was a functional fiduciary of the Plan. At all relevant times, Dombek III exercised discretionary control and authority over the assets of the WTSC 401(k) Plan by causing WTSC to retain employee contributions it withheld from WTSC's employees' pay in its own general assets and failed to ensure that the amounts were remitted and timely remitted to the Plan. Thus, Dombek III was a fiduciary to the WTSC 401(k) Plan under § 3(21)(A)(i) of ERISA. 29 U.S.C. § 1002(21)(A)(i); *LoPresti v. Terwilliger*, 126 F.3d 34, 40 (2d Cir. 1997) (company president who commingled plan assets with company funds and used assets to pay creditors is an ERISA fiduciary).

12.   As vice-president and part owner of WTSC and a fiduciary of the WTSC 401(k) Plan, Defendant was a party in interest to the Plan within the meaning of ERISA § 3(14)(A) and (H). 29 U.S.C. § 1002(14)(A) and (H).

13. As president and part owner of WTSC and a fiduciary of the WTSC 401(k) Plan, Dombek III was a party in interest to the Plan within the meaning of ERISA § 3(14)(A) and (H). 29 U.S.C. § 1002(14)(A) and (H).

14. As a plan fiduciary and employer, WTSC was a party in interest to the WTSC 401(k) Plan under ERISA §§ 3(14)(A) and (C). 29 U.S.C. §§ 1002(3)(14)(A) and (C).

**ERISA § 403 VIOLATIONS**

15. ERISA § 403 provides that all assets of an employee benefit plan shall be held in trust, shall never "inure to the benefit of any employer and shall be held for the exclusive purposes of providing benefit to participants in the plan and their beneficiaries and defraying reasonable expenses of administering the plan." *See* 29 U.S.C. §§ 1103(a) and (c)(1). Dombek III violated ERISA §§ 403(a) and (c)(1). As a result of Dombek III's failure to remit and timely remit employee salary deferrals to the Plan, those withheld monies became Plan assets subject to ERISA's fiduciary requirements by operation of the Secretary's regulation at 29 C.F.R. § 2510.3-102. Accordingly, Dombek III violated ERISA §§ 403(a) and (c)(1) when he allowed WTSC to retain the employee salary deferrals in WTSC's general assets. *Hartmann*, 2012 WL 3779050 at *7.

**ERISA § 404 VIOLATIONS**

16. ERISA § 404(a)(1) requires fiduciaries to discharge their duties with respect to ERISA-covered plans solely in the interests of participants. 29 U.S.C. § 1104(a)(1). ERISA applies to fiduciaries "strict standards of trustee conduct, also derived from the common law of trusts — most prominently, a standard of loyalty and a standard of care." *Central States, S.E. & S.W. Areas Pension Fund v. Central Transport, Inc.*, 472 U.S. 559, 570-71 (1985). The duty of loyalty imposed on fiduciaries by ERISA § 404(a)(1)(A) requires fiduciaries to act with

9

"complete and undivided loyalty" to plan participants and beneficiaries with an "eye single" to their interests. *Leigh v. Engle,* 727 F.2d at 125 (*quoting Freund v. Marshall & Ilsley Bank,* 485 F.Supp. 629, 639 (W.D. Wis. 1979) and *Donovan v. Bierwirth,* 680 F.2d 263, 271 (2d Cir. 1981)). The duty of care imposed on fiduciaries by ERISA § 404(a)(1)(B) requires fiduciaries "'discharge [their] duties with respect to a plan . . . with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.'" *Central States,* 472 U.S. at 571 (*quoting* 29 U.S.C. § 1104(a)(1)(B)). The duties of loyalty and care include the requirement that plan fiduciaries ensure that participant contributions are remitted and timely remitted to the plan. The clearest violation of these requirements occurs where a fiduciary has acted for his personal interest or for that of the plan sponsor. *See, e.g., Marshall v. Kelly,* 465 F.Supp. 341, 350 (W.D. Okla. 1978).

17. In *Professional Helicopter Pilots Ass'n v. Denison,* 804 F.Supp. 1447 (M.D. Ala. 1992), a case with similar facts to the present, the Court found the fiduciaries liable for breaching their duties, stating that diverting employee contributions from a separate plan trust into the company's general assets breached the duties owed by the fiduciaries to the plan participants. *Id.* at 1454. The Court further found that a fiduciary must not deal with assets of the plan in his or his own interest or for his or his own account but instead must undertake steps to segregate the assets of the plan, deposit the contributions into the plan's fund and notify employees that employee contributions were not being made. *Id.* at 1452-54. The Court held that a breach of fiduciary duty occurred when the fiduciary retained the deductions in a corporate account instead of a separate account. *Id.* at 1455. *See also Hartmann,* 2012 WL 3779050 at *6.

18.  Dombek III breached his fiduciary duties under ERISA § 404(a)(1)(A) by retaining Plan assets in WTSC's general assets for the general operating expenses of WTSC. By his conduct, Dombek III failed to act in the interests of the participants and for the exclusive purpose of providing benefits, in violation of ERISA. *Hartmann*, 2012 WL 3779050 at *6. *See also PBGC v. Solmsen*, 671 F.Supp. 938, 945-46 (E.D.N.Y. 1987).

**ERISA § 406 VIOLATIONS**

19.  ERISA § 406(a)(1)(D) prohibits a fiduciary from causing the plan to engage in a transaction if he knows or should know that such transaction constitutes a direct or indirect transfer to, or use by or for the benefit of, a party in interest.[2] 29 U.S.C. § 1106(a)(1)(D). According to ERISA's implementing regulations regarding pension benefit plans, plan assets include "amounts that a participant has withheld from his wages by an employer, for contribution to the plan as of the earliest date on which such contributions can reasonably be segregated from the employer's general assets," but not later than the 15th business day following the month after the monies were deducted. 29 C.F.R. §§ 2510.3-102(a)-(b). Courts have similarly defined "plan assets" to include wages withheld from employees' paychecks for deposit into employee benefit plans, even though the employer fails to actually remit the contributions to the plan. *See Whiting*, 471 F.3d at 799 (holding that "employee contributions withheld from employee paychecks that have not been delivered to their intended benefit plans can be plan assets" under ERISA); *Grizzle*, 933 F.2d at 947.

20.  $20,176.57 in salary deferral contributions deducted from WTSC employees' paychecks from January 1, 2008, through September 17, 2010, was not remitted to the 401(k)

---

[2] ERISA § 406(a)(1)(D), as well as sections 406(b)(1) and (2), are three of several ERISA provisions that were promulgated by Congress in order to facilitate Congress's remedial interest in protecting employee benefit plans by creating easily applied "blanket prohibitions." *Gilliam v. Edwards*, 492 F. Supp. 1255, 1263, (D.N.J. 1980). *See also Whitfield v. Tomasso*, 682 F. Supp. 1287, 1304 (E.D.N.Y. 1988).

Plan. Instead, these contributions were retained in WTSC's corporate accounts. As a consequence, because Defendant and Dombek III did not ensure that employee contributions were segregated from WTSC's general assets, WTSC, a party in interest, had effective control over the employee withholdings, and therefore can be deemed to have been the recipient of a prohibited party in interest transfer of plan assets in violation of ERISA § 406(a)(1)(D). *Hartmann*, 2012 WL 3779050 at *6- *7; *see generally Donovan v. Williams*, 4 Emp. Ben. Cas.(BNA) 1244, 1245 (N.D. Ohio 1983).

21. ERISA § 406(b)(1) prohibits a fiduciary from dealing with the assets of a plan in his own interest or for his own account. 29 U.S.C. § 1106(b)(1). Dombek III's retention of employee contributions in WTSC's general assets is a clear example of self-dealing. The retention of withheld employee contributions in WTSC's general assets clearly resulted in the direct financial gain to WTSC and an indirect financial gain to Dombek III, WTSC's president, and Defendant, WTSC's vice president. *Hartmann*, 2012 WL 3779050 at *7. *See also Lowen v. Tower Asset Management*, 829 F.2d 1209, 1214 (2d Cir. 1987); *Solmsen*, 671 F.Supp. at 946.

22. ERISA § 406(b)(2) prohibits a fiduciary from acting in any transaction on behalf of a party whose interests are adverse to the interests of the plan or the interests of its participants or beneficiaries. 29 U.S.C. § 1106(b)(2). The other party's adverse interest does not mean that the "interests [must] be antithetical, but only that they are different." *Sandoval v. Simmons*, 622 F. Supp. 1174, 1213 (C.D. Ill. 1985). *See also Cutaiar v. Marshall*, 590 F.2d 523 (3d Cir. 1983); *Reich v. Compton* 57 F.3d 270 (3rd Cir. 1995); *Donovan v. Mazzola*, 716 F.2d. 1226 (9th Cir. 1983). Accordingly, as with the ERISA § 406(b)(1) violation, WTSC's status as the recipient of employee salary deferrals, and Dombek III's status as WTSC's president, prohibited Dombek III from participating in the decision to keep the assets of the WTSC 401(k) Plan in WTSC's

general assets. In allowing the Plan's assets to be retained in WTSC's general assets for use in the general operation of the company, Dombek III operated on both sides of the transactions – his interest in WTSC was in direct conflict with his duties to maintain the assets of the WTSC 401(k) Plan. *Hartmann*, 2012 WL 3779050 at *7.

### DEFENDANT'S CO-FIDUCIARY LIABILITY

23. ERISA § 405(a)(2) imposes liability on a fiduciary for a breach by a co-fiduciary "if, by his failure to comply with section 404(a)(1) in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach . . . ." 29 U.S.C. 1105(a)(2). *See, e.g., State Street Bank & Trust Co.*, 453 F.3d at 406; *Williams*, 4 Emp. Ben. Cas. (BNA) at 1246; *Pension Benefit Guar. Corp. v Ross*, 781 F.Supp. 415, 419–20 (M.D.N.C. 1991) (declining to award summary judgment to a co-fiduciary because of materially disputed facts and noting that, because § 405(a)(2) does not require that the co-fiduciary have knowledge of or participate in the breach in order to be liable, "[c]o-fiduciary liability is significantly broader than non-fiduciary liability").

24. As described in paragraphs 19 through 22 above in Section I, Defendant failed to monitor or ensure the remittance and timely remittance of employee contributions to the WTSC 401(k) Plan during the period January 1, 2008, through September 7, 2010, which allowed Dombek III to cause WTSC to retain the employee contributions in its own general assets for company use.

25. Defendant failed to act solely in the interest of the participants and beneficiaries of the WTSC 401(k) Plan and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of the Plan's administration when he allowed the WTSC 401(k) Plan to engage in the activities in paragraphs 19 through 22 in Section

I above, in violation of ERISA § 404(a)(1)(A). 29 U.S.C. § 1104(a)(1)(A); *Hartmann*, 2012 WL 3779050 at *6. *See also PBGC v. Solmsen*, 671 F.Supp. 938, 945-46 (E.D.N.Y. 1987).

26. By his actions and omissions described in paragraphs 19 through 22 in Section I above, Defendant is liable, pursuant to ERISA § 405(a)(2), for the breaches of fiduciary responsibility by co-fiduciary Dombek III, as described in paragraphs 15 through 18 in Section I above, because, by failing to comply with ERISA § 404(a)(1) in the administration of his specific responsibilities, Defendant enabled co-fiduciary Dombek III to commit breaches of ERISA. 29 U.S.C. § 1105(a)(2); *Free v. Briody*, 732 F.3d 1331, 1336 (7th Cir. 1984).

    **C.    Defendant engaged in an act of defalcation and thus his debt to the WTSC 401(k) Plan cannot be discharged.**

27. 11 U.S.C. § 523(a)(4) provides that a discharge under section 727 of the Bankruptcy Code "does not discharge an individual debtor from any debt– . . . for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny . . . ." 11 U.S.C. § 523(a)(4).

28. "To establish that a debt is non-dischargeable under [11 U.S.C.] section 523(a)(4), a creditor must show (1) that the debtor acted as a fiduciary to the creditor at the time the debt was created, and (2) that the debt was caused by fraud or defalcation." *In re Berman*, 629 F.3d 761, 765-66 (7th Cir. 2011) (*citing In re Frain*, 230 F.3d 1014, 1019 (7th Cir. 2000); *Klingman v. Levinson*, 831 F.2d 1292, 1295 (7th Cir. 1987)). In order to establish a fiduciary obligation, the presence of either an express trust or "certain relationships where the law imposes fiduciary obligations, such as the obligation an attorney owes to a client or a director owes to shareholders" is required. *In re Berman*, 629 F.3d at 768 (*citing In re Marchiando*, 13 F.2d 1111, 1115 (7th Cir. 1994); *LSP Investment Partnership v. Bennett (In re Bennett)*, 989 F.2d 779, 784-85 (5th Cir. 1993)). Such fiduciary obligations arise in arrangements "in which someone – a

lawyer for example, or a guardian, or a managing partner – in whom confidence is reposed is entrusted with another person's money for safekeeping." *Marchiando*, 13 F.2d at 1116 (*citing In re Iowa R.R.*, 840 F.2d 535, 541-45 (7th Cir. 1988)). *See also In re McCarthy*, 350 B.R. 820, 834 (Bankr. N.D. Ind. 2006) ("The terms of a contract, statute, or ordinance may create a fiduciary relationship if those terms set forth real attributes creating a trust-like relation and are not just labels applied by the ordinance.") (*citing In re McGee*, 353 F.3d 537, 540-41) (7th Cir. 2003)).

29.  "Defalcation can be distinguished from fraud and embezzlement on the basis that subjective deliberate wrongdoing is not required to establish defalcation, though some degree of fault is required." *Berman*, 629 F.3d at 765 n.3 (*citing Central Hanover Bank & Trust Co. v. Hisbst*, 93 F.2d 510, 512 (2d Cir. 1937) (L. Hand, J.)). The Seventh Circuit "[has] held that defalcation requires something more than negligence or mistake, but less than fraud." *Id.* (*citing Meyer v. Rigdon*, 36 F.3d 1375, 1385 (7th Cir. 1994)).

30.  Thus, the threshold inquiry is whether Defendant owed the Plan and its participants "a fiduciary obligation through the presence of either an express trust or an implied fiduciary status . . . ." *Id.* at 769. Courts generally accept that when a debtor served as a fiduciary to the creditor, prior to any alleged wrong, then the debtor is a fiduciary for purposes of § 523(a)(4). *See In re Frain*, 230 F.3d 1014, 1017 (7th Cir. 2000) (recognizing this "well-established principle"); *see also In re Marchiando*, 13 F.3d 1111, 1116 (7th Cir. 1994) (holding that a fiduciary relationship qualifies under § 523(a)(4) when it "imposes real duties in advance of the breach.").

31.  "In major respects, ERISA dictates bear the hallmarks of a trust. Indeed, the Supreme Court has observed that the common law of trusts governs the interpretation of many

aspects of ERISA." *In re Jacobs*, 403 B.R. 565, 578 (Bankr. N.D. Ill. 2009) (*citing Varity Corp. v. Howe,* 516 U.S. 489, 497 (1996); *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 110 (1989)). "The funds withdrawn from employee paychecks represent an amount of money paid to employees in compensation. Once the contributions are withheld, the money no longer belongs to the company; rather, the funds belong to the employees." *Whiting*, 471 F.3d at 799. Thus, "[t]he employee participants are equivalent to beneficiaries of the trust." *In re Jacobs*, 403 B.R. at 578 (*citing Firestone Tire and Rubber Co.*, 489 U.S. at 110).

32. The WTSC 401(k) Plan was a trust within the meaning of § 523(a)(4) because it held the assets of an employee benefit plan within the meaning of ERISA. "The trust res is identified by the creation of the plan itself." *In re Hemmeter*, 242 F.3d 1186, 1190 (9th Cir. 2001) (*citing* 29 U.S.C. § 1102). Thus, Defendant was a fiduciary for purposes of § 523(a)(4) to the WTSC 401(k) Plan prior to and at the time the debts were created.

33. As previously noted, ERISA provides that all assets of an employee benefit plan shall be held in trust, shall never "inure to the benefit of any employer and shall be held for the exclusive purposes of providing benefit to participants in the plan and their beneficiaries and defraying reasonable expenses of administering the plan." *See* 29 U.S.C. §§ 1103(a), (c)(1); *id.* § 1104(a)(1).

34. As a directed trustee of the WTSC 401(k) Plan as of at least March 23, 2005, Defendant owed the WTSC 401(k) Plan fiduciary obligations that imposed the real duties of loyalty and care prior to Defendant's incurring a debt to the WTSC 401(k) Plan. Included within the duties of loyalty and care, Defendant was required to monitor and ensure the remittance of employee contributions to the Plan. Defendant breached those duties, resulting in losses to the WTSC 401(k) Plan.

35. The failure to monitor or ensure the remittance of employee contributions by Dombek III as described in paragraphs 19 through 22 of Section I above constitutes a defalcation by Defendant while acting in a fiduciary capacity for the WTSC 401(k) Plan and, therefore, all amounts owed to the Plan until the order for relief was entered are non-dischargeable under the provisions of 11 U.S.C. § 523(a)(4).

## CONCLUSION

**JUDGMENT IS HEREBY ENTERED** against defendant John Dombek Jr. in accordance with the prayer of the complaint in the above-styled action; and it is:

**ORDERED, ADJUDGED, AND DECREED** that the amount of $21,430.07 in monies owed the Wisconsin Tool and Stamping Company 401(k) Profit Sharing Plan and Trust constituting unremitted and untimely remitted withheld employee contributions and associated lost opportunity costs is non-dischargeable under 11 U.S.C. § 523(a)(4).

Dated: OCT -4 2012

_____
HONORABLE JACQUELINE COX
UNITED STATES BANKRUPTCY COURT JUDGE

Prepared by:

Kevin M. Wilemon
Office of the Solicitor
U.S. Department of Labor
230 South Dearborn St., Room 844
Chicago, IL 60604